# PORTO RICO FEDERAL REPORTS

## UNITED STATES

*v.*

## JULIO AYBAR ET AL.

San Juan, Criminal, No. 1299.

CONSTITUTIONALITY OF THE LEVER ACT.

Constitutional Law—Class Legislation.

    1. Legislation specifying that it should apply only to certain classes would be void as class legislation; but if there is a general act with a proviso that it shall not be applicable to certain classes, the unconstitutionality would relate only to the proviso and must be set up by someone injured.

Constitutional Law—Class Legislation.

    2. Where the legislation is limited to a certain set of facts, there will be no unconstitutionality. The object of having different laws is to suit different sets of facts.

Jury Trial—Prejudice of Jurors.

    3. Where it appears that the jurors are necessarily taken from the mercantile class and they specially suffer from a railway strike, the trial of the accused railroad strikers will be heard at some other place in the district.

           , Opinion filed June 7, 1920.

XII. Porto Rico.—1.

*Mr. Miles M. Martin,* District Attorney, for the Government.

*Mr. H. G. Molina* for defendants.

HAMILTON, Judge, delivered the following opinion:

The judgment in this case refusing the motion to quash the indictment has been set aside in order to give the defendants an opportunity to add a ground based upon a decision of the United States district court in Indianapolis. The matter has been argued, although upon unsatisfactory newspaper reports. It seems that the judge found that the Lever Act was unconstitutional in that the exceptions of farmers and the like made the statute class legislation. There are some ninety district courts in the United States, and the opinion of every one is entitled to weight, but is not conclusive upon the others. Each judge has to form his opinion from the facts and arguments as they appear to him.

1. Technically it does not seem that the proviso invalidates the legislation. There is no doubt that if the legislature should pass an act saying in the enacting clause that it shall apply only to certain classes, this would be class legislation from any point of view. On the other hand, if Congress should pass an act general in its terms and then add a proviso that it is not applicable to a certain class, the old rule was that the proviso might be unconstitutional, but not the law as a whole. The question in such case could not fairly come up until someone claiming under the proviso should set up his exemption, and the probability is that in such case it would be decided that the proviso would be unconstitutional as attempting to take one class out of

the terms of a general law. Such is not the case at bar. It is doubtful whether the point could be raised by demurrer or motion to quash, for it calls for outside evidence. In the case at bar the defendants are conceded to be longshoremen and have no interest in what may be the law as to farmers.

2. Moreover, it is not at all clear that the proviso itself is unconstitutional. Congress attempts to exempt not so much a class as a set of circumstances which Congress does not think comes within the mischief to be remedied. International Harvester Co. v. Missouri, 234 U. S. 199, 58 L. ed. 1276, 52 L.R.A.(N.S.) 525, 34 Sup. Ct. Rep. 859. What Congress has enacted, even supposing the proviso to be an essential part of the act, is that persons who own or possess lands upon which they themselves raise produce are to be treated differently from those who have no interest in the land and work at producing by contract only. There is a wide difference between persons using their own land and persons working temporarily by contract upon the property of others. Congress seems to have thought production was so important in war time that it ought to be encouraged on the part of the landowner by all means possible. This court is not disposed to say that such a scheme of legislation is unconstitutional. It does apply to one thing and not to another, but the very object of having different laws is to apply legislation to one thing after another as occasion may require. C. A. Weed & Co. v. Lockwood (C. C. A. 2d C.) 266 Fed. 785; Atchison, T. & S. F. R. Co. v. Matthews, 174 U. S. 96, 43 L. ed. 909, 19 Sup. Ct. Rep. 609.

The additional ground alleged for quashing the indictment therefore, does not seem to be well taken. As it raises a constitutional question, the point can come up at any later stage

of the case if further information develops. At present at least it must be overruled.

3. This being so, the defendants further set up by motion supported by affidavits that they cannot have a fair trial in San Juan, on account of general prejudice against them as strikers. It seems from the affidavits of prominent business men that the strike of the longshoremen affected, if it did not for the time being paralyze, commerce, and everyone in business suffered more or less. The jurors in this court, on account of the provision in the law requiring American citizenship and ability to understand English, are necessarily taken from the mercantile and educated classes, and the affidavits show that they were the ones suffering most from the strike.

There does not seem to be a Federal law as to change of venue. In Porto Rico it would not be well in enforcing Federal criminal law to rely upon local procedure, on account of the differences between the two systems. Moreover, Porto Rico, for the purposes of the Federal court, is one district, not two or three, there being merely two or three places of trial provided in one district. Rule 8 of this court substantially covers the case providing for removal in order to suit residence of parties and witnesses, or otherwise in order to secure a fair trial. The district attorney concedes that it will be difficult to obtain unbiased petit jurors in San Juan, and if so, the trial could not be had here except by obtaining jurors from a distance, mainly in or about Ponce or Mayaguez. In this view of it there would be little to choose in the matter of expense between bringing and maintaining jurors from a distance here in San Juan and sitting in Ponce and taking witnesses there. It would be a serious subject of consideration if the defendants set up the

question of expense on their own part on going to Ponce, but, on the contrary, they are asking that the case be tried in Ponce.

Upon the whole, it would seem that justice would be more fully met by trying the case at Ponce, which is a regular place of trial within this district, and this will be done. In order not to conflict with court here, the case will be set for Tuesday, July 20, 1920.

It is so ordered.